UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:15-cr-00150-JPH-TAB-04 |
| v. | ORDER ON MOTIONS FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| KEVIN JOHNSON | (COMPASSIONATE RELEASE) |

Upon motions of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motions are:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:15-cr-00150-JPH-TAB ) |
| KEVIN JOHNSON, | ) -04 ) |
| Defendant. | ) |

**ORDER**

Defendant Kevin Johnson has filed motions seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkts. 377, 386. Mr. Johnson seeks immediate release from incarceration, or, in the alternative, to serve the remainder of his custodial term on home confinement.[1] *Id.* For the reasons explained below, his motions are **DENIED**.

**I.     Background**

In January 2017, Mr. Johnson pled guilty to one count of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Dkts. 177, 258. The Court sentenced Mr. Johnson to 120 months of imprisonment, to be followed by 5 years of supervised release. Dkt. 258.

---

[1] Pursuant to statute, the location of a prisoner's confinement is the sole province of BOP, and its placement decisions are "not reviewable by any court." 18 U.S.C. § 3621(b). The Court therefore does not have the authority to order the remainder of Mr. Johnson's sentence to be served on home confinement. *United States v. Council*, No. 1:14-cr-14-5, 2020 WL 3097461, at *7 (N.D. Ind. June 11, 2020); *United States v. Neeley*, No. 1:14-cr-00096, 2020 WL 1956126, at *2 (S.D. Ind. Apr. 23, 2020).

Mr. Johnson is 32 years old. He is currently incarcerated at FCI Elkton in Lisbon, Ohio. As of February 10, 2021, the Bureau of Prisons ("BOP") reports that no inmates and 30 staff members at FCI Elkton have active cases of COVID-19; it also reports that 858 inmates at FCI Elkton have recovered from COVID-19 and that 9 inmates at FCI Elkton have died from the virus. https://www.bop.gov/coronavirus/ (last visited Feb. 11, 2021). The BOP has also actively begun vaccinating inmates against COVID-19. *Id*. As of February 10, 2021, 21 inmates and 175 staff members at FCI Elkton have received both doses of the COVID-19 vaccine. *Id.*

Mr. Johnson was arrested on August 13, 2015 and has remained in custody since that time. Dkts. 67, 83, 92, 254. The BOP gives his projected release date with good time credit as August 25, 2024.

During the summer of 2020, Mr. Johnson filed two pro se motions for compassionate release. Dkts. 377, 386. The Court appointed counsel, dkt. 387, counsel filed an amended motion for compassionate release and supporting memorandum, dkt. 394, the United States responded, dkt. 397, and Mr. Johnson filed a reply, dkt. 398. Thus, his motions are ripe for decision.

**II.     Discussion**

Mr. Johnson seeks immediate release based on "extraordinary and compelling reasons" as set forth in 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 394. Specifically, he contends that his underlying medical conditions (hypertension and gastroesophageal reflux disease ("GERD")), which make him more susceptible to severe complications from COVID-19, combined with the BOP's inability to control COVID-19 outbreaks in its facilities establish extraordinary and compelling reasons to reduce his sentence to time served. *Id.* In response, the United States argues that Mr. Johnson has not shown extraordinary and compelling reasons warranting a sentence reduction and that the § 3553(a) factors do not favor release. Dkt. 397.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for a reduction based on "extraordinary and compelling reasons." Now, a defendant is also permitted to file such a motion after exhausting administrative remedies. *See* First Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194, 5239 (2018). The amended version of the statute states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,[2] may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction; or
> >
> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

---

[2] The United States concedes that Mr. Johnson has exhausted his administrative remedies. Dkt. 382.

4

18 U.S.C. § 3582(c)(1)(A).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id*. Before passage of the First Step Act, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c). U.S.S.G. § 1B1.13.

Section 1B1.13 sets forth the following considerations. First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, consideration of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent they are applicable." U.S.S.G. § 1B1.13.

As to the first consideration, Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the

5

reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id.*, Application Note 1(D).

The policy statement in § 1B1.13 addresses only motions from the Director of the BOP. *Id.* ("Upon the motion of Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . "). It has not been updated since the First Step Act amended § 3582(c)(1)(A) to address motions that are filed by prisoners. As a result, the Sentencing Commission has not yet issued a policy statement "applicable" to motions filed by prisoners. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). And, in the absence of an applicable policy statement, the portion of § 3582(c)(1)(A) requiring that a reduction be "consistent with the applicable policy statements issued by the Sentencing Commission" does not curtail a district court judge's discretion. *Id.* at 1180. Nonetheless, the Commission's analysis in § 1B1.13 can guide a court's discretion without being conclusive. *Id.* As to motions brought under the "catchall" provision in Subsection (D), district judges should give the Director of the BOP's analysis substantial weight (if he has provided such an analysis), even though those views are not controlling. *Id.*

Accordingly, the Court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction; (2) whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion.

Mr. Johnson does not suggest that Subsections (A)-(C) of Application Note 1 to § 1B1.13 apply to him. Instead, he asks the Court to exercise its broad discretion to find that extraordinary and compelling reasons warrant immediate release in his case.[3]

The risk that Mr. Johnson faces from the COVID-19 pandemic is not an extraordinary and compelling reason to release him. While the Court sympathizes with Mr. Johnson's fear of contracting the virus, the general threat of contracting COVID-19 is not an extraordinary and compelling reason warranting a sentence reduction. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."); *United States v. Jackson*, No. 1:18-cr-314-RLY-MJD01, dkt. 33 (S.D. Ind. Aug. 12, 2020) (concluding that the general threat of contracting COVID-19 is not an extraordinary and compelling reason warranting a sentence reduction).

Mr. Johnson contends that he is at risk of experiencing severe symptoms if he contracts COVID-19 because he suffers from hypertension and GERD. It appears, however, that Mr. Johnson is not currently suffering from either such condition. Dkt. 397-2 at 8. Regardless, even if Mr. Johnson does suffer from these conditions, they do not place him at increased risk of suffering severe symptoms if he contracts COVID-19. The CDC does not list GERD as a condition that increases the risk of severe COVID-19 symptoms. *See* https://www.cdc.gov/coronavirus/2019-

---

[3] In keeping with the Seventh Circuit's instruction in *Gunn*, 980 F.3d at 1180-81, the Court has considered the rationale provided by the warden in denying Mr. Johnson's administrative request for relief. Mr. Johnson's warden appears not to have considered the possibility that Mr. Johnson could show an "extraordinary and compelling reason" under Subsection (D) of the policy statement and instead focused only on Subsection (A). *See* dkt. 380-1. Thus, the warden's decision provides little guidance to the Court's analysis.

ncov/need-extra-precautions/people-with-medical-conditions.html#heart-conditions (last visited Feb. 11, 2021). Hypertension is on the CDC's list of conditions that *might* increase an individual's risk of experiencing severe illness if they contract COVID-19. *Id.* Hypertension is, however, a very common, https://www.cdc.gov/bloodpressure/facts.htm (noting that nearly half of adults in the United States have hypertension or are taking medication for hypertension), and this Court has consistently held that hypertension alone is not an extraordinary and compelling reason warranting a sentence reduction, *see United States of America v. Jones*, No. 1:15-cr-92-JMS-MJD-01, dkt. 65 (S.D. Ind. Sept. 17, 2020); *United States v. Davis*, No. 3:02-cr-2-RLY-CMM-01, dkt. 142 (S.D. Ind. Nov. 17, 2020).

Without any medical conditions that put him at increased risk of severe illness should he contract COVID-19, the Court cannot find that Mr. Johnson has shown extraordinary and compelling reasons to justify his release. This Court has routinely denied such motions from similar defendants, even when they are incarcerated in a "hotspot" for COVID-19 infections. *See United States v. Dyson*, 2020 WL 3440335, at *3 (S.D. Ind. June 22, 2020) (collecting cases).

Given the Court's determination that Mr. Johnson has not shown extraordinary and compelling reasons to grant his motions, the Court need not address whether Mr. Johnson is a danger to the community and whether the § 3553(a) factors weigh in favor of his release. *Id.* (concluding that it is not necessary to address the § 3553(a) factors or the question of danger to the community because the defendant had not demonstrated that extraordinary and compelling reasons justify any modification to his sentence).

### III. Conclusion

For the reasons stated above, Mr. Johnson's motions for compassionate release, dkts. [377] and [386] are **denied**.

**SO ORDERED.**

Date: 2/16/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Date: 2/16/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

9